# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**LEVORY W. HICKMON,**

        **Plaintiff,**

**-vs-**                                        **Case No. 6:06-cv-772-Orl-28JGG**

**KATHY LAWSHE, INMATE FINANCE OF SEMINOLE COUNTY CORRECTIONAL FACILITY,**

        **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)** |
| **FILED:** | **August 6, 2006** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**. It is further recommended that the case be **DISMISSED WITH PREJUDICE** as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

    Plaintiff, Levory Hickmon, has filed numerous cases in this Court and in state court. Since 2003, he has commenced 20 actions (excluding this action) in the United States District Court, Middle District of Florida. Nine (9) of the 20 actions were dismissed for failing to state a claim or as

frivolous;[1] five (5) cases were dismissed based on the "three strikes" rule of 28 U.S.C. § 1915(g);[2] and the six (6) remaining cases were dismissed for failure to comply with orders or other procedural issues.[3] A Westlaw search revealed 32 citations to state court cases in which Hickmon was a litigant. One Florida district court of appeals has barred Hickmon from filing any additional *pro se* appeals, pleadings, motions or petitions pertaining to his convictions and sentences unless they are reviewed and signed by a licensed attorney. *Hickmon v. State of Fla.*, 887 So.2d 408 (Fla. 5th Dist. Ct. App. 2004).

Plaintiff's current lawsuit against Defendant Kathy Lawshe was previously filed as *Hickmon v. Lawshe*, 6:04-cv-00034-GKS-KRS ("*Lawshe I*").[4] In *Lawshe I*, Hickmon filed a handwritten amended complaint. Judge Sharp dismissed *Lawshe I* without prejudice when Hickmon failed to file his amended complaint on the preprinted form for prisoner civil rights cases as ordered. Plaintiff's

---

[1] *See, Hickmon v. Alpert,* 5:05-cv-147-WTH-GRJ; *Hickmon v. Stephenson*, 6:03-cv-1039-ACC; *Hickmon v. Stephenson*, 6:03-cv-1269-PCF; *Hickmon v. Stephenson*, 6:04-cv-372-PCF; *Hickmon v. Valerino*, 6:04-cv-970-GKS-DAB; *Hickmon v. Natalie A. Jackson, P.A.*, 6:05-cv-1863-PCF-DAB; *Hickmon v. 18th Judicial Circuit Court, et al.*, 6:06-cv-356-ACC-DAB; *Hickmon v. Seminole County Clerk's Office*, 6:06-cv-397-GKS-KRS (cause of action for declaratory judgment dismissed with prejudice; remainder of proceedings stayed pending resolution of related state court action); *Hickmon v. Alpert*, 6:06-cv-656-JA-DAB (claim barred by *res judicata*).

[2] *See, Hickmon v. Lester, et al.*, 6:04-cv-1556-ACC-DAB; *Hickmon v. Pollack et al.,* 6:04-cv-1606-GAP-KRS; *Hickmon et al. v. Diggs,* 6:05-cv-214-PCF-KRS; *Hickmon v. Alpert,* 6:05-cv-554-GKS-KRS; *Hickmon v. Alpert,* 6:05-cv-567-JA-JGG.

[3] *See, Hickmon v. Fla. Attorney General*, et al., 3:04-cv-01279-HLA-MMH (failure to file reply); *Hickmon v. Secretary, DOC, et al.*, 3:05-cv-00113-HLA-HTS (petition to proceed in Case no. 3:04-cv-1279); *Hickmon v. Eslinger, et al.*, 6:03-cv-01738-GAP-JGG (failure to pay $5 filing fee); *Hickmon v. Lawshe*, 6:04-cv-00034-GKS-KRS (failure to file amended complaint as ordered); *Hickmon v. Secretary, Department of Corrections, et al.*, 6:05-cv-00984-PCF-JGG (petition to proceed in Case no. 3:04-cv-1279); *Hickmon v. Secretary, Department of Corrections et al.*, 8:05-cv-01014-JDW-TGW (petitioner failed to exhaust state court remedies, therefore, habeas corpus petition dismissed as premature).

[4] Plaintiff's Notice of Pendency of Other Actions filed at Docket No. 4 states this case is related to *Hickmon v. Alpert, 6:06-cv-656-JA-DAB*, which was dismissed as being barred by *res judicata*. The underlying facts in this case appear distinct from the case cited by Plaintiff, and the Court cannot discern why Plaintiff believes the cases are related.

current lawsuit is a photocopy of the original complaint filed in *Lawshe I*, with a few handwritten notations added and striking through the prisoner provisions as "not applicable."[5]

Plaintiff's complaint alleges that Lawshe, who apparently is employed at the Seminole County Correctional Facility in the inmate finance department, violated his Fifth Amendment due process rights and Fourteenth Amendment equal protection rights by charging Plaintiff a $2 a day subsistence fee, which allegedly was not charged to other similarly situated inmates. Docket 1 at 8. For the reasons set forth below, the Court recommends that Plaintiff's case be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as frivolous. The Court further recommends that Plaintiff be limited in filing future *pro se* pleadings, motions or petitions with this Court.

**I.   THE LAW**

    **A.   The Statute and Local Rules**

The United States Congress has required that the district court review[6] a civil complaint filed *in forma pauperis*, and shall dismiss a complaint that is frivolous, malicious, or fails to state a claim. *See* 28 U.S.C. § 1915. The mandatory language applies to all proceedings *in forma pauperis*. The statute provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
>     (A) the allegation of poverty is untrue; or
>     (B) the action or appeal --
>         (i) is frivolous or malicious;

---

[5] According to publically available information from the Florida Department of Corrections website, Hickmon was released from custody on November 10, 2005. The Court is unaware whether Hickmon currently is a "prisoner" as defined by 28 U.S.C. § 1915(h), and is proceeding on the assumption that he is not.

[6] Section 1915A of 28 U.S.C. requires the district court to screen only prisoner's complaints. Nevertheless, the district court screens other complaints pursuant to 28 U.S.C. § 1915 (e)(2) and Local Rule 4.07 (a).

>   >   (ii) fails to state a claim on which relief
>   >     may be granted; or
>   > (iii) seeks monetary relief against a
>   >     defendant who is immune from
>   >     such relief.

28 U.S.C. § 1915 (e)(2) (1996) (formerly § 1915 (d)).[7]

The Local Rules of the United States District Court for the Middle District of Florida also govern proceedings *in forma pauperis*. *See* Local Rule 4.07. Pursuant to Local Rule 4.07 (a), the Clerk dockets, assigns to a judge, and then transmits to the judge cases commenced *in forma pauperis*. Local Rule 4.07 (a). The district court assigns to United States Magistrate Judges the supervision and determination of all civil pretrial proceedings and motions. Local Rule 6.01(c)(18). With respect to any involuntary dismissal or other final order that would be appealable if entered by a district judge, the United States Magistrate Judge may make recommendations to the district judge. *Id.* The Court may dismiss the case if satisfied that the action is frivolous or malicious under 28 U.S.C. § 1915, or may enter such other orders as shall seem appropriate. Local Rule 4.07(a).

### B.  Discretion Under 28 U.S.C. § 1915

Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases, and in the denial of motions to proceed *in forma pauperis* when the complaint is frivolous.[8] *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). The pauper's affidavit should not be a broad highway

---

[7] Also, a party may not take an appeal *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith. 28 U.S.C. § 1915 (a)(3).

[8] At least one court of appeals views the Prisoner Litigation Reform Act of 1996 as removing some of a district court's discretion because it requires the district court to dismiss a case if it determines that the action or appeal is frivolous, malicious, or fails to state a claim under 28 U.S.C. § 1915 (e)(2). *See Walp v. Scott*, 115 F.3d 308 (5th Cir. 1997).

into the federal courts. *Phillips*, 746 F.2d at 785; *Jones v. Ault*, 67 F.R.D. 124, 127 (S.D. Ga.1974), *aff'd without opinion*, 516 F.2d 898 (5th Cir. 1975). Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action that is totally without merit. *Phillips*, 746 F.2d at 785*; Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979).

### C. Frivolous and Malicious Actions Under 28 U.S.C. § 1915 (e)(2)(B)(i)

A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight. *Clark,* 915 F.2d at 639. The trial court must determine whether there is a factual and legal basis, of constitutional or statutory dimension, for the asserted wrong. *Id.* A district court should order a § 1915 dismissal only when a claim lacks an arguable basis in law. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). "Arguable means capable of being convincingly argued. An action or claim in which 'the plaintiff's realistic chances of ultimate success are slight' is not one capable of being convincingly argued." *Moreland v. Wharton*, 899 F.2d 1168, 1170 (11th Cir. 1990) (quotation and citation omitted). Claims may lack an arguable basis in law because of either factual or legal inadequacies. *Neitzke*, 490 U.S. at 325.

If a complaint presents an arguable basis in law and asserts something other than fanciful factual allegations, the district court may not dismiss an action until the court has conducted a sufficient inquiry to determine whether the plaintiff's realistic chances of ultimate success are slight. *Clark*, 915 F.2d at 639; *Moreland v. Wharton*, 899 F.2d 1168, 1169 - 70 (11th Cir. 1990). To do otherwise — *i.e.*, to allow for *sua sponte* dismissal of *in forma pauperis* cases that present arguable legal or factual questions -- would be to condone differential judicial treatment of cases based solely on whether a litigant files a complaint accompanied by a filing fee or by an affidavit of indigence. *See,*

*Battle v. Central State Hosp.*, 898 F.2d 126, 129 (11th Cir. 1990). If plaintiff's chances of ultimate success remain slight after sufficient inquiry, the district court may then amply protect a nonprofessional pro se litigant by dismissing his suit without prejudice, and by allowing him to file a new complaint *in forma pauperis* that alleges sufficient facts to substantiate his claim. *Phillips*, 746 F.2d at 785.

Legal theories are frivolous when they are "indisputably meritless." *Neitzke*, 490 U.S. at 329; *Battle,* 898 F.2d at 129. Section 1915 authorizes the dismissal of "claims of infringement of a legal interest which clearly does not exist." *See Neitzke*, 490 U.S. at 327.

The district court may dismiss a complaint under § 1915 even if it states a claim for relief.[9] *Clark*, 915 F.2d at 639-40; *Jones v. Bales*, 58 F.R.D. 453, 463-64 (N.D.Ga. 1972), *aff'd for reasons stated in district court order*, 480 F.2d 805 (5th Cir. 1973); *see also Neitzke*, 490 U.S. at 326 - 29 (Rule 12 (b)(6) and former section 1915 (d) serve distinctive goals). It is an abuse of discretion, however, to conclude that an *in forma pauperis* case is frivolous — realistically has no better than a slight chance of success — because of weaknesses on the face of the complaint as long as the complaint presents an arguable basis in law and fact. A complaint which states a claim for the purposes of Rule 12 (b)(6) — that is, one clearly having a basis in law — may still be frivolous if it lacks an arguable basis in fact, for example, asserting fantastic facts. *Clark*, 915 F.2d at 639.

---

[9]The analysis for a dismissal for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915 (e)(2)(B)(ii) is somewhat different from the analysis for a dismissal as frivolous under 28 U.S.C. § 1915 (e)(2)(B)(i). The language of § 1915 (e)(2)(B)(ii) tracks the language of Fed. R. Civ. P. 12 (b)(6), so the courts view the allegations in the complaint as true when assessing failure to state a claim under § 1915 (e)(2)(B)(ii). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). A judge performing an examination for frivolity under § 1915 (e)(2)(B)(i), however, is not required to assume the truth of the allegations. *See Cofield v. Ala. Public Service Comm'n*, 936 F.2d 512, 515 (11th Cir. 1991).

Even if the complaint legally states a claim, and the facts are not fantastic, a district court may nevertheless dismiss on grounds of frivolousness. For example, a §1915 dismissal is appropriate if an affirmative defense would defeat the action. *Clark*, 915 F.2d at 640. Also, the absolute immunity of the defendant would justify the dismissal of a claim as frivolous. *See id.; Fuller v. Ga. State Bd. of Pardons & Paroles*, 851 F.2d 1307, 1310 (11th Cir. 1988) (parole board members entitled to absolute quasi-judicial immunity from suit for damages); *Patterson v. Aiken*, 628 F. Supp. 1068, 1072 (N.D. Ga. 1985), *aff'd without opinion*, 784 F.2d 403 (11th Cir. 1986) (*in forma pauperis* complaint against federal district judges dismissed as frivolous because of absolute immunity); *Kimble v. Beckner*, 806 F.2d 1256, 1257 (5th Cir. 1986) (*in forma pauperis* suit against judge, prosecutor, and witnesses dismissed based on immunity given judicial officers); *see also, Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C.Cir. 1981); *Franklin v. State of Oregon*, 563 F. Supp. 1310, 1324, 1332-33 (D. Ore. 1983), *aff'd in part and rev'd in part,* 745 F.2d 1221 (9th Cir. 1984). Res judicata and collateral estoppel are other affirmative defenses which justify dismissal of a claim as frivolous. See *Patterson*, 628 F. Supp. at 1076; *Wilson v. Lynaugh*, 878 F.2d 846 (5th Cir. 1989) (complaint dismissed because it reasserts allegations litigated in previous suit), *cert. denied,* 493 U.S. 969 (1989). The expiration of the statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous. *See, Franklin*, 563 F. Supp. at 1330, 1332. When the defense is apparent from the face of the complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading. *Clark*, 915 F.2d at 640.

II. **ANALYSIS**

Hickmon's complaint alleges that from June 24, 2003, "and continuously" since his return from prison to the custody of the Seminole County Correctional Facility, Lawshe charged him a $2

a day subsistence fee pursuant to Fla. Stat. § 951.033. Hickmon contends his constitutional rights under the Fifth and Fourteenth Amendments were violated because similarly situated prisoners were not charged the subsistence fee.

Florida law requires local detention facilities to determine the financial status of prisoners for the purpose of paying all or a fair portion of their daily subsistence costs. Fla. Stat. § 951.033(b). The statute further provides that a prisoner is entitled to reasonable advance notice of the assessment and the opportunity to present reasons for opposition to the assessment. Fla. Stat. § 951.033(3).

Indeed, documents attached to Hickmon's Affidavit of Indigency filed at Docket 2 demonstrates that Hickmon successfully used the grievance procedure at the prison to challenge the subsistence fee. On September 12, 2003, Hickmon filed an administrative appeal regarding the determination of his grievance concerning being charged with a subsistence fee for the time period before February 3, 2001. Docket 2 at 10. On October 15, 2003, Lawshe's supervisor, George Sellery, responded to Hickmon's administrative appeal and directed Lawshe to remit $328.78 to Hickmon's account. Docket 2 at 8-9.

Although Hickmon complains that Lawshe failed to timely respond to his subsequent grievances, he apparently did not exercise his administrative appeal rights as he had done before.[10] Even taking Hickmon's allegations as true, the alleged wrongdoing does not rise to the level of a constitutional violation.

---

[10] If Hickmon were still a prisoner, this action would be barred by the Prison Litigation Reform Act for failing to exhaust administrative remedies. 42 U.S.C. § 1997e(a). A plaintiff who seeks to bring suit about prison conditions after he has been released and is no longer a prisoner, however, does not have to satisfy the PLRA's exhaustion requirements before bringing suit. *See, Norton v. City of Marietta, OK*, 432 F.3d 1145, 1150 (10th Cir. 2005) (collecting cases). *Cf., Napier v. Preslicka*, 314 F.3d 528, 531-32 (11th Cir. 2002). (PLRA's bar against actions for mental or emotional injuries while in custody does not apply after prisoner is released).

### A.     **Hickmon's Due Process Claims**

Hickmon's complaint alleges a violation of procedural due process and not substantive due process. See Docket 1at 9.[11]  An action for violation of the procedural component of the Due Process Clause can arise "only when the state refuses to provide a process sufficient to remedy the procedural deprivation." *McKinney v. Pate*, 20 F.3d 1550, 1557 (11th Cir.1994); *see also, Bass v. Perrin*, 170 F.3d 1312, 1319 (11th Cir.1999); *Harris v. Board of Educ.*, 105 F.3d 591, 596 (11th Cir.1997). This rule recognizes that the state must have the opportunity to "remedy the procedural failings of its subdivisions and agencies in the appropriate fora-agencies, review boards, and state courts" before being subjected to a claim alleging a procedural due process violation. *See, McKinney*, 20 F.3d at 1560.

In this case, the state has provided a process sufficient to remedy any procedural deprivation. Hickmon acknowledges that Seminole County Correctional Facility publishes a "rule book" that details a grievance and appeal procedure, of which he had knowledge.  *See*, Docket 1 at 9; Docket 2 at 8-9.  It is apparent that the grievance and appeal process may be used to address allegedly improper subsistence withdrawals because Hickmon has used this procedure successfully in the past to remedy such a complaint.  Due process does not require additional notice and an opportunity for a hearing prior to charging his cash account for subsistence fees. *Solomos v. Jenne*, 776 So. 2d 953, 956 (Fla. 4th Dist. Ct. App. 2000) (analyzing a one-time $10 deduction for a uniform and a $2 per day

---

[11] The substantive component of the Due Process Clause protects "fundamental" rights that "are 'implicit in the concept of ordered liberty.'" *McKinney v. Pate*, 20 F.3d 1550, 1556 (11th Cir.1994) (citation omitted).  "Substantive due process is a doctrine that has been kept under tight reins, reserved for extraordinary circumstances." *Nix v. Franklin County Sch. Dist.*, 311 F.3d 1373, 1379 (11th Cir.2002). Generally, substantive due process has been confined to issues relating to marriage, family, procreation, and the right to bodily integrity. *See, Albright v. Oliver*, 510 U.S. 266, 272 (1994).

subsistence fee). The property at stake (a total of $400) is not a substantial one and Hickmon's ability to file for a refund satisfies due process. *See, id.*

  **B.**  <u>**Hickmon's Equal Protection Claims**</u>

  Nor does the complaint allege a violation of Hickmon's equal protection rights. The Equal Protection Clause of the Fourteenth Amendment proclaims that "[n]o State shall ... deny to any person within its jurisdiction the equal protection of laws." U.S. Const. amend. XIV, § 1. The central mandate of the equal protection guarantee is that the state may not treat classes of persons differently absent a legitimate governmental objective. *See Lofton v. Sec'y of Dep't of Children and Family Services*, 377 F.3d 1275, 1277 (11th Cir. 2004). The purpose of the equal protection clause is "to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents." *Village of Willowbrook v. Olech,* 528 U.S. 562, 564 (2000) (citations omitted).

  Hickmon does not allege that Lawshe treated him differently because of his membership in a particular class and, thus, does not state an equal protection claim. Further, leave to amend would be inappropriate because Hickmon's chances of ultimate success are slight.

  The Court has reviewed Hickmon's amended complaint filed in *Lawshe I* to determine whether he pleaded additional facts that would increase the probability of his success. In *Lawshe I*, Hickmon identified two inmates named Ricky Davis and Michael Floyd, as examples of persons who had been treated differently from Hickmon. *Lawshe I*, Case 6:04-cv-00034-GKS-KRS, Docket 12 at 3. Hickmon does not state in what way his classification differs from Davis and Floyd. For the purpose of making a sufficient inquiry, the Court assumes the classification is based on race. Although Hickmon does not allege his race, the Florida Department of Corrections identifies him as a Black

male. Further, according to publically available information on the Florida Department of Corrections website, there are multiple prisoners with the names of Ricky Davis and Michael Floyd, most of whom are identified as Black males. Although there were white inmates with those names, the Court found no publically available information that those individuals were in the same correctional facility as Hickmon.

It appears highly unlikely that Hickmon will be able to show differential treatment based on a protected classification. Even if he could make such a showing, the Court finds his chances of proving that an employee in the inmate finance department of a correctional facility is engaged in intentional discrimination in charging subsistence fees are slight. *See, Moreland*, 899 at 1170 ("'[D]rawing from his years of experience in reading complaints and living lawsuits from start to finish,' a district judge is uniquely qualified to decide the likelihood that a lawsuit will succeed on its merits.") (citation omitted).

The Court, therefore, recommends that Hickmon's motion to proceed *in former pauperis* be denied and that his complaint be dismissed with prejudice as frivolous.

C. **Hickmon is a Vexatious Litigant**

Florida law defines a vexatious litigant as one who "in the immediately preceding 5-year period, has commenced, prosecuted, or maintained, *pro se*, five or more civil actions in any court in this state, . . . which actions have been finally or adversely determined against such person. . . ." Fla. Stat. § 68.093. The United States Court of Appeals for the Eleventh Circuit has implicitly approved the district court's use of the Florida standard. *See, May v. Maass*, 2005 WL 2298296 (11th Cir. 2005). The Court finds that Hickmon meets the definition of a vexatious litigant, and his activities should be restrained so as not to interfere with the Court's ability to fulfill its Article III functions.

The only restriction the Eleventh Circuit has placed upon limitations designed to protect against vexatious litigation is that a litigant cannot be "completely foreclosed from any access to the court." *Martin-Trigona v. Shaw*, 986 F.2d 1384, 1387 (11th Cir. 1993), *citing, Procup v. Strickland*, 792 F.2d 1069, 1074 (11th Cir. 1986). A requirement that an abusive filer must use an attorney in all future cases is excessive because it effectively foreclosed access to the court. *Procup*, 792 F.2d at 1074. The Eleventh Circuit has stressed, however, that "[c]onsiderable discretion necessarily is reposed in the district court" when it drafts orders restricting access to the court by a vexatious litigant. *Procup*, 792 F.2d at 1074.

Fifteen of Hickmon's law suits were *pro se* complaints for alleged civil rights violations. Given the history of Hickmon's filings, the Court should impose the following injunction and directive:

> Levory W. Hickmon is enjoined from filing *pro se* any complaint alleging violation of his civil rights, unless the complaint alleges actual physical harm or that he is in imminent danger of serious physical injury. All other *pro se* complaints, motions or petitions (except those that challenge a conviction or sentencing), must be accompanied by a filing fee. Hickmon is directed to attach this Order to the initial pleading commencing a new law suit.

**IT IS THEREFORE RECOMMENDED:**

1. The Court deny Plaintiff's motion for leave to proceed *in forma pauperis*;

2. The Court dismiss with prejudice Plaintiff's complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B);

3. The Court's Order include the following injunction: Levory W. Hickmon is enjoined from filing *pro se* any complaint alleging violation of his civil rights, unless the complaint alleges actual physical harm or that he is in imminent danger of serious

        physical injury. All other *pro se* complaints, motions or petitions (except those that challenge a conviction or sentencing), must be accompanied by a filing fee. Hickmon is directed to attach this Order to the initial pleading commencing each new law suit.

4.     The Court direct the Clerk to screen all future filings by Hickmon to determine whether he has complied with the injunction and, if not, to notify the assigned judge.

5.     The Court direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 27, 2006.

                                            JAMES G. GLAZEBROOK
                                            UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable John Antoon
Unrepresented Party